FILED
 2014 Jan-10 PM 04:16
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK LEWIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 2:12-CV-2276-SLB |
| | ) |
| **T-MOBILE USA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Resolution and for Order of Dismissal with Prejudice. (Doc. 11.) For the reasons set forth below, the court find the parties' Motion is due to be granted and this matter is due to be dismissed with prejudice.

Plaintiff worked for defendant from April 2005 until he was suspended in July 2011. (Doc. 1 ¶ 6.) He complains that he was wrongfully suspended because of his race. (*Id*. ¶ 21.) He also alleges that he was not paid for all hours worked in violation of the Fair Labor Standards Act [FLSA]. (*Id*. ¶¶ 18-19, 33-35.) Specifically, he contends:

> 16. Lewis was paid hourly and was not paid for the time spent logging into the T-Mobile computer system to complete his job duties.
>
> 17. At the Birmingham Alabama call Center, T-Mobile required their representatives to log into the computer system which took a few minutes and then clock-in through the computer before taking calls from the public.
>
> 18. The call center employees did not clock-in prior to commencing the log in procedure to take calls from the public.

19.  While the unpaid time is a few minutes daily to each employee, T-Mobile achieved significant labor cost savings by systemic clock shaving practice. . . .

(*Id*. ¶¶ 16-19.)  Defendant admits that its employees enter an identification number and a password to clock in, but otherwise denies plaintiff's claim for unpaid overtime and race discrimination.  (*See generally* doc. 4.)

The court notes:

[T]he FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment.  *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355.  "If a settlement in an employee FLSA suit

>does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have submitted their Confidential Settlement Agreement and Full and Final Release of Claims to the court for in camera review. According to terms of the parties' Agreement, defendant will pay plaintiff "100% of the amount [plaintiff] alleges he is entitled to receive under the [FLSA]," (Agreement at 1.) Also, defendant has agreed to pay plaintiff an additional sum for his "non-wage damages and [in] consideration for [his] agreement to the terms of the Agreement," which include, *inter alia*, release of plaintiff's claims, a confidentiality agreement, and a promise not to apply for employment in the future. (*Id*. at 4-6.) Also, the Agreement contains a separate provision for the payment of attorneys' fees to plaintiff's counsel.

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his unpaid wages, if any. Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion for Approval of Resolution and for Order of Dismissal with Prejudice, (doc. 11), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 9th day of January, 2014.

/s/ Sharon Lovelace Blackburn
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE